**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Leon DAVIS, Defendant-Appellant.**

**No. 24497.**

United States Court of Appeals, Ninth Circuit.

March 5, 1971.

Harry R. Hirschfield, Oakland, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLIN, BROWNING and TRASK, Circuit Judges.

HAMLIN, Circuit Judge.

Charles Leon Davis, appellant herein, and Jesse Claude McCune were jointly charged in an indictment filed in the District Court for the Southern District of California with two counts of violation of 21 U.S.C. § 174 (Unlawful Importation of Heroin and Cocaine and Unlawful Facilitation of the Concealment and Transportation of Heroin and Cocaine). Upon motion, appellant's case was severed and he was separately tried by a jury, convicted on both counts and sentenced to a term of imprisonment. The facts establish that the two men crossed the border from Mexico into the United States in an automobile owned and driven by appellant. After being stopped at the preliminary inspection area, they were asked to drive to the secondary inspection area. While so driving, the customs inspector walked alongside of the vehicle and saw nothing unusual happen in the car during that walk. The two men were then asked to get out of the automobile and each was searched. No contraband was found upon appellant. However, the search of Mr. McCune disclosed a tape-wrapped object in the crotch of his shorts which later was found to be amounts of heroin and cocaine. Both men were then placed under arrest. The automobile was

searched, but no contraband was found therein.

Each man was questioned. Appellant denied any knowledge of the presence of the narcotics on McCune. The latter, however, attempted to implicate appellant by telling the customs inspector that he knew nothing about the heroin package; but while the automobile was going from the preliminary inspection point to the secondary inspection point, appellant gave him the package containing the narcotics, instructing him to conceal it, a statement which McCune later admitted under oath was untrue.

At the trial McCune appeared as a witness for the prosecution. He testified that a man in Los Angeles had proposed to him that he go to Mexico to get narcotics and gave him a package which he thought contained money to give to an unknown man in Tijuana outside the racetrack there. He further testified that the man in Los Angeles told him that if the automobile was stopped outside the racetrack in Tijuana with its lights on, someone would come up and hand him a package containing the narcotics in exchange for the package which supposedly contained money. McCune also stated that appellant had knowledge of this transaction and that they went to Mexico for the purpose of carrying it out.

Appellant, on the witness stand, denied any knowledge of the narcotics transaction and testified to the same story he had originally told the inspectors at the border, to wit, that he and McCune had gone to Tijuana to catch the last races there and then went to a few bars for drinks before crossing back over the border. Appellant denied any knowledge that McCune was bringing back narcotics. There is no other evidence in the case connecting appellant in any way with the narcotics. Practically the entire evidence against appellant thus came from the lips of McCune. It was further shown on cross-examination of McCune that his case was still pending, that his attorney had talked to the District Attorney about the disposition of this case, and that appellant hoped that by telling the story he did upon the witness stand that he would be helped in his pending case.

Counsel for appellant requested the court to give an instruction to the jury that the testimony of an accomplice should be viewed with caution. The court refused to give such an instruction. When the instructions were completed, counsel for appellant again asked the court to give such a cautionary instruction and the court again refused.

It has been recognized that accomplice testimony "ought to be received with suspicion, and with the very greatest care and caution, and ought not to be passed upon by the jury under the same rules governing other apparently creditable witnesses." Crawford v. United States, 212 U.S. 183, 204, 29 S.Ct. 260, 268, 53 L.Ed. 465 (1909). A reflection of this skepticism toward accomplice testimony is found in Bible v. United States, 314 F.2d 106, 108 (9th Cir. 1963), where we said, "Since, according to the testimony of Steele, he was an accomplice, it was proper and the better practice to give a cautionary instruction in regard to his testimony."[1] In Sabari v. United States, 333 F.2d 1019, 1021 (9th Cir. 1964), we commented, "Of course any defendant is entitled to a cautionary instruction on such evidence (uncorroborated testimony of accomplice)." Not only has the giving of such an instruction been generally recognized

---

1. *See also* Holmgren v. United States, 217 U.S. 509, 513, 30 S.Ct. 588, 54 L.Ed. 861 (1910) ; Toles v. United States, 308 F.2d 590, 592 (9th Cir. 1962) ; Davis v. United States, 411 F.2d 1126, 1129 (5th Cir. 1969) ; Tillery v. United States, 411 F.2d 644, 645 (5th Cir. 1969) ; McQuaid v. United States, 91 U.S.App.D.C. 229, 198 F.2d 987, 989 (1952), cert. denied, 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715 (1953) ; Barnes v. United States, 347 F. 2d 925, 928 (8th Cir. 1965) ; Stoneking v. United States, 232 F.2d 385, 392 (8th Cir. 1956), cert. denied, 352 U.S. 835, 77 S.Ct. 54, 1 L.Ed.2d 54 (1956).

as the better practice, it has been held error to not give such an instruction where it has been requested. See Phelps v. United States, 252 F.2d 49 (5th Cir. 1958).

Therefore, we hold that where, as in this case, the instruction is requested [2] and where the guilt of the defendant rests almost entirely upon the testimony of an accomplice and where, as here, such accomplice has given contradictory stories in an apparent attempt to inculpate a defendant, the failure of a court to give a cautionary instruction is error, prejudicial to the appellant and justifies a reversal of his conviction.

Judgment reversed.

2. *Cf.* United States v. Callahan, 438 F.2d 528 (9th Cir., Feb. 5, 1971).