UNITED STATES of America,
Plaintiff-Appellee,

v.

George Roger MARSH, Defendant-
Appellant.

No. 25760.

United States Court of Appeals,
Ninth Circuit.

Nov. 22, 1971.

William James Woods (argued), of
Gayden & Woods, Berkeley, Cal.; Lloyd
Webb, Twin Falls, Idaho, for defendant-
appellant.

Sidney E. Smith, U. S. Atty. (argued),
Samuel Eismann, Asst. U. S. Atty.,
Boise, Idaho, for plaintiff-appellee.

Before MERRILL, BROWNING, and
HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, then 19 years old, was con-
victed on a two-count indictment charg-
ing two transfers of marihuana to a 15-
year-old girl in violation of former 26

U.S.C. § 4742(a). He was sentenced to ten years' imprisonment pursuant to former 26 U.S.C. § 7237(b).* We affirm.

■ 1. Appellant's claim of denial of due process by the three-and-one-half month delay between commission of the offense and indictment and arrest was not raised below, and we therefore need not consider it. Benson v. United States, 402 F.2d 576, 580–581 (9th Cir. 1968). In any event, it appears from the record that the only prejudice alleged—inability of appellant's alibi witnesses to recall the precise time at which they had seen appellant—was not due to dimmed memory, but rather to the fact that they had no watch, or didn't look, or for other reasons were not aware of the precise time at the moment they saw appellant.

■ 2. The transfers charged occurred on August 23 and August 27, 1969. The transferee testified she also obtained marihuana from appellant about August 7. Appellant's counsel objected to this testimony. The objection was sustained, and appellant does not now complain about the testimony directly. Appellant argues, however, that because the jury heard this testimony, the court's instruction that the government need not prove that the offense occurred on the exact date alleged in the indictment but only on a date "reasonably near" the date alleged, was error for it may have led the jury to convict for the August 7 transaction which was not charged.

We agree with the government that it is virtually certain that the jury was not confused. The court instructed the jury that evidence to which an objection had been sustained "must be entirely disregarded." The court carefully explained that the charge related to alleged transfers on August 23 and August 27, and told the jury that appellant was not on trial for any conduct not alleged. The government stated in opening argument that the transaction of August 7 was not part of the charge; and in both opening and closing arguments the government repeatedly specified that the transactions with which the jury was concerned were those of August 23 and 27.

3. For the same reasons, and because appellant did not request such an instruction (see Wright v. United States, 192 F.2d 595, 596 (9th Cir. 1951)), we reject the contention that it was reversible error not to instruct the jury on the limited effect of the evidence reflecting the prior offense.

■ 4. In advising the jury of the elements of the offense, the court omitted reference to the transferee's age. The court did not err. The elements of the offense were those stated in former 26 U.S.C. § 4742(a). The provisions of former 26 U.S.C. § 7237(b), which refer to the transferee's age, related only to the sentence.

5. The government offered a number of witnesses on rebuttal. Appellant asserts that their testimony was offered to impeach appellant by contradicting his testimony on collateral matters, and that such impeachment is improper, citing United States v. Williamson, 424 F.2d 353, 356 (5th Cir. 1970).

■ Six of the seven rebuttal witnesses were not called to contradict appellant on collateral matters. Their testimony directly refuted appellant's alibi defense that on the dates of the offenses, August 23 and August 27, he was not in Twin Falls, Idaho, where the offenses occurred. This was proper rebuttal, for, as the government states, "if the rule were otherwise the Government would have to anticipate all of appellant's possible defenses and meet same in their case in chief, which task would be impossible." Even if it had been possible for the government to present the testimony of these six witnesses in its case-in-chief, it was within the trial court's discretion to admit it in rebuttal so long as the defendant was permitted to con-

---

* Both sections have been repealed (see Pub.L. 91–513, Title III, § 1101(b) (3) (A) and § 1101 (b) (4) (A), Oct. 27, 1970, 84 Stat. 1292).

tradict it. *See, e. g.,* Rodella v. United States, 286 F.2d 306, 309 (9th Cir. 1960) ; Toles v. United States, 308 F.2d 590, 594 (9th Cir. 1962) ; DeRose v. United States, 315 F.2d 482, 484 (9th Cir. 1963) ; Sabbath v. United States, 380 F.2d 108, 111 (9th Cir. 1967). Appellant did not request an opportunity to refute the testimony.

■ One witness, the dean of students at appellant's high school, was called to impeach appellant by contradicting his testimony as to a collateral matter. Appellant had testified that he left school because of a disagreement with the school administration over absences. Appellant further testified that the absences were due to illness, and that he had doctors' excuses covering all of the days involved. The dean of students, called in rebuttal, was asked if appellant had offered doctors' excuses covering all of his absences. He answered, "Not all of them, a good many of them he did, yes." Assuming error in the admission of this testimony, we are satisfied that it could not have affected the result.

This necessarily disposes as well of appellant's further complaint that no instructions were given limiting use of this testimony to impeachment. Moreover, appellant requested no such instruction. It was scarcely needed. We cannot imagine what use the jury could have made of the testimony except impeachment.

■ 6. Finally, appellant argues that the evidence was insufficient. The transferee testified unequivocally that appellant sold and delivered marihuana to her on the dates alleged. Appellant's argument is that corroboration of her testimony was required. Proof of corroborating circumstances was presented. But, in any event, such proof is not essential. Conviction may rest even upon the uncorroborated testimony of an accomplice. United States v. Rodriguez, 438 F.2d 1164, 1167 (9th Cir. 1971). A cautionary instruction must be given if requested. United States v. Davis, 439

F.2d 1105, 1106–1107 (9th Cir. 1971). And failure to give such an instruction may be plain error if the need for the instruction is sufficiently clear (United States v. Griffin, 382 F.2d 823, 829 (6th Cir. 1967)), but this is not such a case.

Affirmed.