**UNITED STATES of America,**
**Appellee,**

v.

**Armando VALENZUELA–MENDOZA,**
**Appellant.**

**No. 71–1668.**

United States Court of Appeals,
Ninth Circuit.

Dec. 22, 1971.

Louis V. Vasquez, San Francisco, Cal., for appellant.

Richard K. Burke, U. S. Atty., Stanley L. Patchell, Stephen M. McNammee, Asst. U. S. Attys., Tucson, Ariz., for appellee.

Before CHAMBERS, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was indicted, tried by a jury and convicted of violating 21 U.S.C. § 176a [concealing and transporting illegally imported marihuana]. We affirm.

## FACTUAL BACKGROUND

Appellant was caught near Sonoita, Arizona, while driving a truck loaded with 405 kilos of marihuana. On previous occasions, he had served as a government informer, for which services he had been paid $350.00. There is evidence that he was dissatisfied with his compensation for these services. There is also evidence that he told one agent that the narcotics dealers in Tucson would give him $4,000.00 for delivering a shipment. That was the last contact the agents had with appellant before the arrest. There was other evidence that appellant had been running loads of marihuana on his own without advising the agents. It is appellant's contention that he was running the marihuana for the government, that he had given his wife two telephone numbers to call to advise the agents of his arrival and that she had failed to make the call.

## FIRST ISSUE

Appellant mentions five areas in which he claims he did not receive adequate representation by his trial attorney. We have closely scrutinized the record and find each claim without merit. By hindsight, it may appear that the trial attorney committed errors in judgment. Such errors, however, even if they would point to a lack of professional cunning, do not vitiate the trial, unless on the whole the attorney's performance was such as to amount to no representation and to reduce the trial to a mockery. Lyons v. United States, 325 F.2d 370, 377 (9th Cir. 1963); Kruchten v. Eyman, 406 F.2d 304, 312 (9th Cir. 1969); Murgia v. United States, 448 F.2d 1275 (9th Cir. 1971). We find no such dereliction in the record before us. The language barrier between appellant and his trial counsel is merely one circumstance to be weighed with all others. Our careful perusal of the entire record convinces us that appellant was convicted, not by reason of incompetent or inadequate representation by counsel, but by reason of the overwhelming weight of the evidence produced against him. Reid v. United States, 334 F.2d 915, 919 (9th Cir. 1964).

## SECOND ISSUE

There is not one iota of evidence to support the appellant's contention that he was ever in possession of a notebook containing certain phone numbers. Beyond that, there is no evidence to show that the prosecutor had possession of such a notebook, even if one existed. Consequently, appellant has failed to bring himself within the perimeter of the rule stated in Brady v. Maryland, 373 U.S. 83, 86–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

## THIRD ISSUE

Finally, appellant complains of the failure to give a requested instruction. A casual review of the instructions reveals that every point mentioned in appellant's request was covered by other instructions. Needless to say, the trial judge is not required to give a requested instruction as long as the substance of the instruction is covered in the over-all charge. United States v. Harvey, 428 F.2d 782, 784 (9th Cir. 1970).