UNITED STATES of America,
Appellee,

v.

Richard Louis BUSBY, Appellant.

UNITED STATES of America,
Appellee,

v.

Susan Marie LENZE, Appellant.

Nos. 73–1537, 73–1538.

United States Court of Appeals,
Ninth Circuit.

Sept. 26, 1973.

As Amended On Denial of Rehearing
Oct. 24, 1973.

Barbara Durham (argued) of Wacker & Durham, Seattle, Wash., for appellant Busby.

Anthony Savage (argued) of Kempton, Savage & Gossard, Seattle, Wash., for appellant Lenze.

Irwin H. Schwartz, Asst. U. S. Atty., (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

OPINION

KILKENNY, Circuit Judge:

Appellant, Richard L. Busby, was convicted by a jury on five counts of an indictment charging: (1) conspiring to traffic in heroin [21 U.S.C. § 174]; (2) conspiring to traffic in heroin [21 U.S.C. § 963]; (3) conspiring to possess and distribute heroin [21 U.S.C. § 846]; (4) importation of heroin [21 U.S.C. §§ 952 and 960(b)(1) and 18 U.S.C. § 2]; and (5) attempted possession with intent to distribute heroin [21 U.S.C. § 846 and 18 U.S.C. § 2]. The trial was lengthy, the transcript of testimony consisting of

well over 1,000 pages. Appellant, Susan Marie Lenze, was indicted and convicted on Counts Three and Five.

## INSTRUCTIONS

Wilson, an admitted member of a mammoth conspiracy to traffic in heroin [70 pounds of pure heroin], was caught in the act and with other conspirators testified for the government.

Aside from challenges to the sufficiency of the evidence, which we reject, the principal thrust of appellants' appeal is that the court below committed error by failing to give two requested instructions, one involving the weight to be accorded the testimony of an informer, the other involving the weight to be accorded the testimony of an accomplice.

■ Since there is no evidence that the co-conspirators were attempting to gather evidence or information in an undercover capacity for the government, the informer instruction was properly refused. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952).

The record furnished to us pursuant to our order to augment the record does not show a request for an accomplice instruction. Appellant Busby includes such an instruction in his brief and the government seems to agree that the instruction was requested. However, the record is not at all clear on whether the court knew of, or agreed to give the instruction. The only mention of the subject which we can find is a passing reference by counsel for Busby in noting his exceptions as follows:

> "But here Mr. Hamman I think is not only an accomplice, *but that subject is covered,* but also an informer." [Emphasis supplied.]

On this statement alone, appellants' counsel ask us to hold that the trial court was aware of and agreed to give an accomplice instruction. To do so, we submit, would be to read something into the record which is not at all apparent.

It is equally consistent with reason to conclude that the language ". . . that subject is covered, . . ." applied to the general instruction on credibility, which was given, as it would to say that it specifically referred to an accomplice instruction. Indeed, it might be a trial tactic of defense counsel in this type of a case not to insist on an accomplice instruction. Throughout the trial, they claimed they had no connection with the conspiracy and, at worst, were innocent dupes. Although in their arguments to the jury, they savagely attack Hamman's credibility, they never mention the word "accomplice", let alone refer to Hamman as an accomplice of the appellants. They obviously avoided the use of the word like the mystical Celtic devil avoids the use of the proverbial holy water.

We have before us what are certified to be the instructions handed to counsel for inspection and as given by the court. These do not include a specific instruction on the weight to be given the testimony of an accomplice. They do, however, include a detailed instruction on the factors to be considered in assessing the credibility of a witness.[1] We note

---

1. "In determining whether the government has established the charge against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed. If there is any conflict in the testimony, it is your function to resolve the conflict and to determine where the truth lies.

In reaching a conclusion as to the credibility of any witness, and in weighing the testimony of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to ob-

that the instruction directs the jury's attention to the witness's motives, interest in the outcome of the case, bias or prejudice, prior inconsistencies and are impressed with the overall thoroughness of the instruction.

Be that as it may, appellants concede that they did not register an objection to the failure of the court to give the alleged request as required by Rule 30, FRCrimP.[2] They argue that under the circumstances here presented they should be relieved of the Rule 30 duty to object. They cite United States v. Davis, 439 F.2d 1105, 1107 (CA9 1971), and say it is reversible error not to give such an instruction where it has been requested. In *Davis*, however, the court refused to give the accomplice instruction when first requested and when the arguments had been completed again refused to give the instruction. Clearly, there was a compliance with Rule 30. Moreover, Phelps v. United States, 252 F.2d 49 (CA5 1958), is the basis for the *Davis* statement. In *Phelps*, the evidence connecting appellant with the marihuana consisted entirely of the now outlawed presumption arising from possession of the drug. There was no direct proof of guilt. Even on that skimpy record, the court did not hold that it was mandatory to give the instruction when requested, but, to the contrary, said:

"Whether the error is reversible error depends on the circumstance of each case and the conduct of the trial as a whole. Requests to charge are 'not to be considered abstractly or in vacuo . . . . They must be considered in their relation to the trial as a whole.'"

* * *

"Refusal to charge may be regarded as reversible error if, but only if, (1) it is in itself a correct charge, (2) *it is not substantially covered in the main charge*, and (3) it is on such a vital point in the case that the failure to give it deprived defendant of a defense and seriously impaired its effective presentation." (At 53). [Emphasis supplied.]

Here, the court fully instructed the jury on the standards to be employed in measuring the credibility of the witnesses. Not only that, but the appellants' counsel utilized that instruction to its fullest in their arguments to the jury.

The same language is again used in United States v. Marsh, 451 F.2d 219, 221 (CA9 1971). A casual reading of *Marsh* will reveal that the statement is

---

serve the matters concerning which he has testified; whether the witness has any interest in the outcome of this case, or friendship or animosity toward other persons concerned with this case.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether he has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of such witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

If you believe that any witness has wilfully testified falsely with respect to any material fact about which the witness could not reasonably be mistaken, then you may, if you deem it fit to do so, disregard all or any part of the testimony of that witness, or you may accept such portion of his testimony as you find worthy of belief." [R.T., pp. 996, 997, 998].

2. ". . . No party may assign as error any portion of the charge *or omission therefrom* unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury." [Emphasis supplied.]

pure dictum. The language was used in connection with a claim that the accomplice's testimony should have been corroborated. There is nothing in the factual recital to indicate that an accomplice instruction was requested or rejected. The same analysis is applicable to DeCarlo v. United States, 422 F.2d 237, 241 (CA9 1970), and United States v. Ketola, 478 F.2d 64, 66 (CA9 1973), where the court, by way of the recital of the phrase, ", . . . in the absence of a special request, . . .", indicated that the instruction should be given, if requested.

In none of these cases was the Rule 30 problem presented or even discussed.

Appellants would have us emasculate the provisions of Rule 30 by declaring that on this record, we should invoke the plain error provision of Rule 52(b), FRCrimP, and declare that the lower court committed plain error in failing to give the accomplice instruction. True enough, some circuits have held that it is plain error to fail to give an accomplice instruction if the need for such instruction is sufficiently clear. United States v. Reid, 437 F.2d 94 (CA10 1971) and United States v. Griffin, 382 F.2d 823, 829 (CA6 1967).

However, the Ninth Circuit, on numerous occasions, has held that a trial judge's failure to give such an instruction, *sua sponte*, does not constitute plain error. United States v. Ketola, *supra*; Caldwell v. United States, 405 F.2d 613 (CA9 1969); Strangway v. United States, 312 F.2d 283 (CA9 1963).

■ In any event, on the record before us, we are not prepared to say that the need for the instruction is sufficiently great to invoke the plain error doctrine of Rule 52(b), or to compel us to excuse the failure of appellants to obey the mandate of Rule 30. The testimony of Hamman does not stand alone. It is corroborated, in substantial part by: (1) appellant Lenze's highly unusual activities and some of her testimony; (2) bank records showing Busby's transmittal of funds to Hamman in Hong Kong; (3) a group of hotel records documenting Hamman's travels with Wilson and Mjelde in connection with the conspiracy; and (4) a matching pair of "half dollar bills," one-half in the possession of Busby, the other half in the possession of co-conspirator Mjelde, and other such incriminating evidence.

■ Keeping in mind that a conviction in federal court may be based on the uncorroborated testimony of an accomplice, if the testimony is not "incredible or unsubstantial on its face", Darden v. United States, 405 F.2d 1054, 1056 (CA9 1969), United States v. Ketola, *supra*, we hold that Hamman's testimony is not incredible or unsubstantial on its face and that it was sufficiently corroborated to permit us to say that plain error is not here involved. Additionally, upon these facts, we decline to by-pass the explicit requirements of Rule 30.

## INDICTMENT DUPLICITY

Here, for the first time, appellant Busby argues that he was indicted and convicted of violating two conspiracy statutes covering the same subject, although, in fact, the evidence showed one continuing conspiracy. The problem grows out of the repeal of 21 U.S.C. § 174, and the enactment of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 966, et seq. and was thoroughly analyzed in United States v. Noah, sub nom. United States v. Stewart, 475 F.2d 688 (CA9 1973). Inasmuch as the issue was not raised in the lower court, we decline to discuss it. We note, however, that the sentences before us are concurrent on all counts. Upon the issuance of the mandate, the trial court should analyze the facts in this case in the light of *Stewart* and take such action as may be appropriate.

## OTHER POINTS

Our examination of the record convinces us that there is no merit in appellants' other points consisting of: (1)

the denial of Busby's motion for mistrial; (2) the trial court's limitation of the redirect examination of witness Collins; (3) the denial of defendant Lenze's motion for severance; and (4) the denial of the motions for dismissal on the grounds of insufficiency of the evidence.

Affirmed.