131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Taras Leon WYNNE, Defendant-Appellant.
 No. 96-10194.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 6, 1997.
Filed Nov. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, DC No. CR-95-00007-LKK; Lawrence K. Karlton, Chief District Judge, Presiding.
 Before SNEED, FLETCHER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taras Leon Wynne ("Wynne") appeals his conviction and mandatory life sentence for possessing cocaine base with intent to distribute under 21 U.S.C. § 841(a)(1). Wynne contends that his conviction and sentence should be reversed because: (1) the evidence was insufficient to support his conviction; (2) the trial court failed to give a cautionary jury instruction regarding an accomplice; (3) the prosecutor committed misconduct during closing argument; (4) the district court lacked jurisdiction to sentence Wynne as a career offender; and (5) Wynne received ineffective assistance from trial counsel. We affirm.
 
 I.
 BACKGROUND
 
 3
 Upon information from a confidential informant that Wynne was a crack cocaine dealer, the Sacramento police arranged for the informant to purchase crack cocaine from Wynne. During this meeting, Wynne sold crack cocaine to the undercover informant. Surveillance officers followed Wynne's vehicle, and observed Wynne making what appeared to be further drug sales. Wynne then drove to 8241 Judette Avenue. Prior to reaching the Judette Avenue residence, Wynne engaged in what appeared to be "counter-surveillance driving." After entering the Judette Avenue residence, Wynne later drove to another house and returned to the residence using "counter-surveillance driving."
 
 
 4
 The police obtained search warrants for Wynne and the Judette Avenue residence. When police entered the residence, Wynne was found sitting on the living room couch. His girlfriend, Jerissa Anderson, was seen coming out of her children's bedroom. Several other persons were in the residence, including Anderson's cousin and brother. A search of the master bedroom closet led to the discovery of a red gym bag containing a large amount of ammunition for a handgun, a 9mm gun, and a machine pistol. A loaded handgun was discovered underneath the gym bag and a 9mm gun was discovered near the gym bag. On the top kitchen shelf, police found a plate and razor blade with cocaine residue, a box of sandwich bags, and a gram scale. Inside the sandwich bag box, police discovered several ounces of rock cocaine--each ounce wrapped in a sandwich bag. Wynne's fingerprint was found on the outside of the sandwich bag box. On another shelf, police found a crown royal bag containing five ounces of rock cocaine individually wrapped in sandwich bags. Additionally, police found a Motorola flip phone belonging to Wynne, along with a utility bill for the Judette Avenue residence bearing Wynne's social security number and a cable bill bearing Wynne's name. Mail addressed to Wynne was also found in the Judette Avenue residence. Wynne's vehicle was parked in front of the residence.
 
 
 5
 The police searched Wynne and found $1,000 in cash, including eighteen twenty-dollar bills. Wynne possessed a key to the Judette Avenue residence. Additionally, police found a paper in Wynne's pocket. Jerissa Anderson testified that Wynne had agreed to pay one-half of the rent on the Judette Avenue residence. Although there was conflicting evidence, Anderson positively identified the red gym bag as the bag she saw Wynne bring into the Judette Avenue residence. She denied having any knowledge of the cocaine base, guns, or ammunition found in the residence. Although Anderson was arrested along with Wynne, she was not indicted on any of the charges brought against Wynne.
 
 
 6
 The jury found Wynne guilty of possession of cocaine base with intent to distribute under 21 U.S.C. § 841(a)(1), use of a firearm under 18 U.S.C. § 924(c)(1), and felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). Relying on Wynne's two prior drug convictions, the district court sentenced Wynne to a mandatory life sentence on the possession with intent to distribute count. Wynne timely appeals.
 
 II.
 DISCUSSION
 
 7
 Wynne contends that the evidence was insufficient to support his conviction for possession of cocaine base with the intent to distribute under 21 U.S.C. § 841(a)(1). We disagree.
 
 
 8
 "When reviewing for sufficiency of the evidence we review the evidence in the light most favorable to the prosecution and we will affirm the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Rubio-Villareal, 967 F.2d 294, 296 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). To prove constructive possession, the government must demonstrate that the defendant both knew of the presence of the controlled substance and had the power to exercise dominion and control over it. United States v. Behanna, 814 F.2d 1318, 1319-20 (9th Cir.1987). Possession and knowledge may be demonstrated by circumstantial evidence. United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1989).
 
 
 9
 At trial, the government submitted sufficient evidence of constructive possession. First, there was evidence that Wynne possessed a key to the Judette Avenue residence. See Castillo, 866 F.2d at 1088 (defendant's possession of key to outer doors of apartment complex supports inference that defendant exercised actual and exclusive control of inner room and its contents). Second, Wynne's fingerprint was found on the sandwich bag box containing the cocaine base. Third, Wynne's name and/or social security number appeared on the cable and utility bills for the residence, and his vehicle was parked outside the residence. Fourth, there was evidence linking Wynne to the firearms ammunition. Such evidence, viewed as a whole, was sufficient to allow a reasonable jury to conclude that Wynne had knowledge of the rock cocaine and that he exercised dominion and control over it. See Castillo, 866 F.2d at 1086; cf. United States v. Penagos, 823 F.2d 346, 349-51 (9th Cir.1987).
 
 
 10
 Wynne contends that the trial court erred by failing to instruct, sua sponte, the jury that the testimony of an accomplice must be viewed with caution. We disagree.
 
 
 11
 Because Wynne failed to request an accomplice instruction, we review for plain error the district court's failure to give the instruction sua sponte. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991). We have repeatedly held that "a trial judge's failure to give [an accomplice] instruction, sua sponte, does not constitute plain error." Id. Plain error "will be found only where there is a strong need for the instruction: for example, where the accomplice's testimony is almost entirely uncorroborated and it is, as well, both critical and suspect." United States v. Martin, 489 F.2d 674, 677 n. 2 (9th Cir.1973).
 
 
 12
 Here, assuming without deciding that Jerissa Anderson was in fact an accomplice or an unindicted coconspirator, the abundance of evidence establishing Wynne's guilty rendered her testimony less than critical. See Martin, 489 F.2d at 677 n. 2. Accordingly, Wynne fails to show plain error. See Guthrie, 931 F.2d at 567.
 
 
 13
 Wynne contends that the prosecutor's misconduct during closing argument necessities reversal of his possession with intent to distribute conviction. Wynne asserts that the government committed misconduct by urging the jury to use the evidence of Wynne's sale of cocaine to the confidential informant for an impermissible purpose under Fed.R.Evid. 404(b). We disagree.
 
 
 14
 Because Wynne failed to object to the government's closing argument, we review for plain error. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). "The inquiry is whether allegedly improper behavior, considered in the context of the entire trial, including the conduct of the defense counsel, affected the jury's ability to judge the evidence fairly." United States v. McKoy, 771 F.2d 1207, 1212 (9th Cir.1985). Under Fed.R.Evid. 404(b):
 
 
 15
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as ... intent ... [or] knowledge.
 
 
 16
 Fed.R.Evid. 404(b).
 
 
 17
 Our review of the government's closing argument clearly indicates that the jury was not asked to use evidence of the cocaine sale to the undercover informant is character evidence that Wynne acted "in conformity therewith." The record indicates that the government asked the jury to view the earlier cocaine sale, along with all other evidence, as circumstantial proof of Wynne's knowledge of the cocaine base in the Judette Avenue residence and his intent to distribute it. See Castillo, 866 F.2d at 1086. Moreover, the government submitted an abundance of evidence from which the jury could find that Wynne constructively possessed the cocaine base in the Judette Avenue residence. Accordingly, on plain error review, we conclude that Wynne has failed to demonstrate reversible error. See McKoy, 771 F.2d at 1212.[1]
 
 
 18
 Wynne contends that, because the record fails to establish that either he or his counsel were given actual notice of the government's intent to rely on Wynne's prior convictions, the district court lacked jurisdiction to sentence him as a career offender. Wynne's contention, however, is belied by the record.
 
 
 19
 Wynne contends that his possession with intent to distribute conviction should be reversed because of ineffective assistance of trial counsel due to counsel's failure to: (1) seek disclosure of the identity of the confidential informant; (2) request an accomplice limiting instruction; and (3) object to the prosecution's misconduct during closing argument or request a limiting instruction. Wynne's ineffective assistance of counsel claims, however, should be raised on collateral attack. See United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984); see also United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). Accordingly, we decline to reach the merits of Wynne's ineffective assistance of counsel claims.
 
 CONCLUSION
 
 20
 Wynne's conviction and sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We additionally reject Wynne's contention that his conviction should be reversed based on cumulative impact of the alleged errors