NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0218n.06
Filed: March 28, 2005

No. 03-3659

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee; | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR THE** |
| | ) | **SOUTHERN DISTRICT OF OHIO** |
| ANTHONY MASON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before:  NORRIS and GIBBONS, Circuit Judges; TODD, District Judge.[*]

**James D. TODD,** District Judge.  Defendant Anthony Mason appeals his conviction for

armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and for brandishing a firearm

during a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Mason argues that the district

court erred in refusing to give his proffered jury instruction relating to accomplice testimony.  For

the following reasons, we **AFFIRM** Mason's conviction.

**I.**

**A.**  *The Robbery*

On the evening of April 9, 2001, Defendant Anthony D. Mason went to the home of his good

friend, Marlon Edwards, to visit.  Another friend, Michael McGraw, was also present.  At some

_____

[*] The Honorable James D. Todd, Chief United States District Judge for the Western
District of Tennessee, sitting by designation.

point during the evening, Mason, Edwards, and McGraw discussed their dismal financial situations and ways that they could get money. The conversation soon turned into a plan to get money by robbing a bank.

The following morning, on April 10, 2001, McGraw and Edwards spoke on the phone and agreed to rob a bank. McGraw and Edwards obtained a pistol that they had previously borrowed from a friend and picked up Mason in Edwards' girlfriend's automobile. Mason then drove to the Third Savings Bank in Tipp City, Ohio, and parked the car behind a nearby motel. McGraw and Edwards donned disguises and entered the bank, with McGraw carrying the pistol. Mason remained in the vehicle. McGraw and Edwards then robbed the bank of $8,470.00 at gunpoint. After leaving the bank, McGraw and Edwards returned to the car where Mason was waiting. Mason drove the vehicle from the scene of the crime.

Two bystanders, Donald McFadden and Jeff Holtzapple, witnessed McGraw and Edwards running out of the front of the bank and became suspicious. McFadden and Holtzapple followed their vehicle and contacted the police on their cell phones to inform them of this unusual activity. The men were told that a robbery had taken place at Third Savings Bank. McFadden gave a description of the car and a license plate number and advised the dispatcher that he was in pursuit of the getaway car.

The police officers eventually located Mason, McGraw, and Edwards and took over the pursuit. A short chase ensued that ended at an apartment complex. All three men jumped from the car and ran from the pursuing officers. Mason, McGraw, and Edwards were apprehended near the apartment complex. The money stolen from the bank and the firearm were recovered nearby.

After Mason was in custody, he told the police officers that he, McGraw, and Edwards were

2

going to play basketball. He further explained that he ran from the officers because he had an expired driver's license. Mason denied having seen either the pistol or the money in the car. After being informed that McGraw and Edwards had confessed to the robbery and implicated him as a participant, Mason admitted that he had driven the vehicle to Tipp City but stated that he was unaware that a robbery had taken place.

**B.     *Mason's Trial***

Mason, McGraw, and Edwards were arrested and charged with armed bank robbery and use of a firearm in the commission of a crime of violence. McGraw and Edwards entered guilty pleas and agreed to testify against Mason. Mason pled not guilty and went to trial.

Mason takes issue with the testimony of McGraw and Edwards during his trial. In particular, he denies that he had advance notice of the robbery because the conversations on the evening of April 9, 2001 and in the car on the drive to Tipp City did not involve a bank robbery.

At trial, Mason requested that the trial court give Sixth Circuit Pattern Jury Instruction 7.08, which deals with accomplice testimony. Instruction 7.08 provides:

> (1) You have heard the testimony of _____. You have also heard that he was involved in the same crime that the defendant is charged with committing. You should consider _____'s testimony with more caution than the testimony of other witnesses.
> (2) Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.
> [(3) The fact that_____has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.]

Pattern Criminal Jury Instruction 7.08: Testimony of an Accomplice. The trial judge denied Mason's request, but gave the following instruction to the jury instead:

> In your efforts to determine the facts, you will be faced with the problem of what weight should be given the testimony of each witness. In simple terms, you must determine how credible or believable any witness is. You may believe all that a

3

witness tells you, part of what he or she tells you, or none of what he or she tells you. Consider carefully the circumstances under which each witness testified. Remember that witness' response to questions, his or her assurance, or lack of it, in answering, and the entire demeanor or appearance of that witness while on the witness stand. *Consider also any relation that a witness may bear to either side of the case and his or her reasons for testifying, any interest he or she may have in the outcome of the case, any prejudice or bias he may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality he or she may have demonstrated.*

JA 72 (emphasis added). Further, the trial judge noted that some witnesses at trial had pleaded guilty to a criminal offense and had been sentenced and instructed the jury that these witnesses could possibly receive a reduced sentence in exchange for their testimony against the defendant. JA 74.

Mason was found guilty by the jury on both counts of the indictment and was sentenced to a term of forty-six months imprisonment for armed bank robbery and eighty-four months imprisonment for use of a firearm, to be served consecutively. Mason now appeals the failure of the trial court to give Sixth Circuit Pattern Jury Instruction 7.08.

## II.

### A.    *Standard of Review*

"The Sixth Circuit reviews the instructions given by a district court to determine whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." *United States v. Alvarez*, 266 F.3d 587, 594 (6th Cir. 2001) (internal quotations omitted); *see also United States v. Buckley*, 934 F.2d 84, 87 (6th Cir. 1991); *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984). "It is not error to fail to use the language requested by the parties if the instruction as given is accurate and sufficient." *United States v. Horton*, 847 F.2d 313, 312 (6th Cir. 1988); *see also Martin*, 740 F.2d at 1361. A district court's refusal to give a requested instruction is considered reversible "only if three conditions are met: (1) the instructions are correct statements

4

of the law; (2) the instructions are not substantially covered by other delivered charges; and (3) the failure to give the instruction impairs the defendant's theory of the case." *United States v. Carr*, 5 F.3d 986, 992 (6th Cir. 1993); *see also Alvarez*, 266 F.3d at 594.

**B.**     ***Jury Instruction***

Mason contends that the district court erred in failing to give Sixth Circuit Pattern Jury Instruction 7.08 because the instruction given did not specifically instruct the jury regarding the inherent questionable credibility of accomplice witnesses. The government counters that such an instruction is not required and that the instructions actually given sufficiently informed the jury of how to judge the credibility of accomplice witness testimony. Neither party contests that Sixth Circuit Pattern Jury Instruction 7.08 is a correct statement of the law; thus, the only issues before the court are whether the requested jury instruction: (1) was not substantially covered by the charge actually delivered to the jury, and (2) concerned a point so important in the trial that the failure to give it substantially impaired Mason's defense.

> 1. Whether the requested jury instruction was "substantially covered" by the instruction actually given

Mason argues that Sixth Circuit Pattern Instruction 7.08 was not substantially covered by the charge that was actually given to the jury for three reasons. First, Mason argues that Instruction 7.08 advises jurors that they should consider an accomplice's testimony more carefully than that of other witnesses, while the instruction given only warned jurors to "[c]onsider also any relation that a witness may bear to either side of the case and his or her reasons for testifying, any interest he or she may have in the outcome of the case" and does not specifically mention scrutinizing the testimony of accomplices. Second, the pattern jury instruction would have informed the jury that it could not convict the defendant based on the unsubstantiated testimony of an accomplice unless

5

it believed the testimony beyond a reasonable doubt. The instruction given at trial, in contrast, gave a general instruction that the prosecution had to prove its case beyond a reasonable doubt. Finally, the proffered jury instruction would have informed jurors that the fact that an accomplice pled guilty is not evidence that the defendant is guilty. Mason contends that this instruction was not covered by any of the instructions actually given to the jury. The government counters that the instructions given sufficiently informed the jury about how they should judge the credibility of the testimony of an accomplice.

In *United States v. Carr*, we considered whether a generalized jury instruction on judging witness credibility was reversible error. In rejecting the argument, we said:

> The court's instruction adequately informed the jury regarding the credibility of witness testimony, and so we are not troubled simply because the court chose not to explicitly highlight the credibility problems inhering in accomplice testimony. The instructions alerted the jury to the various considerations that it should take into account in weighing testimony, and it had an ample basis for rejecting the testimony of the accomplice witnesses if it had chosen to do so. In short, because the instructions given by the court substantially covered the same material as the instruction requested by the defendant, there was no reversible error.

5 F.3d at 992. Thus, in this circuit, specific instructions explicitly highlighting problems with accomplice testimony are not required as long as the instruction "substantially covers" the substance of the pattern jury instruction. *Id.*; *Scott v. Mitchell*, 209 F.3d 854, 883 (6th Cir. 2000). An instruction will "substantially cover" a pattern jury instruction if it informs the jury as to the "various considerations that it should take into account in weighing testimony" of an accomplice. *Carr*, 5 F.3d at 992. We have continued to apply *Carr*, despite being in the minority on this issue. *Cf.*, *Tillery v. United States*, 411 F.2d 644, 646-47 (5th Cir. 1969); *United States v. McCabe*, 720 F.2d 951, 956 (7th Cir. 1983); *United States v. Davis*, 439 F.2d 1105, 1106-07 (9th Cir. 1971); *United States v. Hill*, 627 F.2d 1052, 1053 (10th Cir. 1980); *United States v. Lee*, 506 F.2d 111, 120 (D.C.

6

Cir. 1974).

In regard to Mason's first argument, *i.e.*, that the given instruction failed to specifically warn jurors to consider accomplice testimony suspect, the instruction given sufficiently alerted the jury to the potential bias, motives, and credibility problems with McGraw's and Edward's testimony. As Mason himself acknowledges, the actual instruction charged the jury to consider the "circumstances under which each witness testified," including the relationship he or she bore to the case, the witness' reason for testifying, and the possible partiality that he or she might have in the case. The trial court's instructions also informed the jury that Mason's accomplices could possibly have their sentences reduced as a result of their testimony. A jury charged with these instructions would have an ample basis for rejecting McGraw's and Edwards' testimony if it had chosen to do so. Accordingly, the district court's jury instruction on the credibility of witnesses substantially covered the proffered jury instruction even though it failed to specifically address potential credibility problems associated with accomplice testimony.

Mason also argues that the requested instruction stating that unsupported accomplice testimony should be judged using the "beyond a reasonable doubt" standard was not sufficiently covered by the general instructions on the burden of proof because it did not specifically require the jury to apply that standard to the testimony of accomplices. However, a general instruction charging the jury to consider Mason's guilt under a "beyond a reasonable doubt" standard would require a jury to weigh all evidence–including the testimony of McGraw and Edwards–by the same standard. As we stated in *Carr*, a court does not have to "explicitly highlight the credibility problems inhering in accomplice testimony." 5 F.3d at 992.

Lastly, Mason argues that the portion of Instruction 7.08 which would have informed jurors

7

that an accomplice's guilty plea is not evidence that the defendant is guilty was not covered by any of the given jury instructions. However, the proffered jury instruction was substantially covered by the court's charge on the presumption of innocence, which stated that "[o]nly proper evidence presented before you, the jury, may be considered in support of the charges against the Defendant... [you must] become satisfied beyond a reasonable doubt of the guilt of the Defendant after such careful and impartial consideration of all the proper evidence on that particular charge." JA 64. The court's instructions on the presumption of innocence, therefore, substantially covered the standard by which the jury should consider McGraw's and Edwards' testimony.

On these facts, we find that the specific jury instruction regarding accomplice testimony was not necessary because the jury was informed of the proper way to judge the credibility of witnesses.

### 2. Whether Sixth Circuit Pattern Jury Instruction 7.08 concerned a point so important in the trial that the failure to give it substantially impaired Mason's defense

Mason argues that the most important issue at trial was whether he was a willing and knowing participant in the robbery. Mason contends that a critical component of the defense's strategy was to suggest that McGraw and Edwards were lying and that they had an incentive to fabricate their testimony because they stood to have their sentences reduced as a result of their testimony. Mason argues that the court's failure to give the proffered jury instruction substantially impaired his defense, and that this error was, in fact, prejudicial.

As noted in Sect. II. A. 1., *supra*, the jury instruction given at trial substantially covered Sixth Circuit Pattern Jury Instruction 7.08. In addition, the district court specifically noted that defense counsel did an excellent job in exposing the potential credibility problems of McGraw and Edwards during his opening statement, cross-examination of both witnesses, and closing argument. For example, on the cross-examinations of both McGraw and Edwards, Mason's attorney thoroughly

8

questioned the motives of each by demonstrating that they had made a bargain with the government and that they could receive lower sentences if they implicated Mason on the stand. In light of the actual instructions given by the trial judge and the fact that defense counsel adequately challenged McGraw's and Edward's credibility, we find that Mason's defense was not substantially impaired by the district court's decision not to give the requested jury instruction.

### III.

For the foregoing reasons, Mason's conviction and sentence are **AFFIRMED.**