UNITED STATES of America,
Plaintiff-Appellee,

v.

Felix McKINNEY, Defendant-Appellant.

No. 71-2306.

United States Court of Appeals,
Ninth Circuit.

Jan. 12, 1972.

Rehearing Denied Feb. 9, 1972.

**1222**

Franklin Geerdes, Chula Vista, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty. & Acting Chief, Criminal Div., John R. Neece, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BROWNING, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

A jury found McKinney guilty of two violations of 21 U.S.C. § 176a arising from his participation in an attempt to smuggle marijuana into the United States at Tecate, California. We affirm.

McKinney was arrested after a customs inspection revealed 14 kilo bricks of marijuana secreted under the seats of the automobile in which he rode as a passenger. Viewed in the light most favorable to the government, the evidence shows that he accompanied his co-defendants on an earlier dry run through Tecate, rode with them while they picked up the marijuana, observed them transfer it from one car to another, and expressed concern about possible arrest as they approached the United States border. This evidence sufficiently establishes his knowing involvement in the smuggling attempt.

McKinney was not entitled to have the jury hear his codefendant's invocation of the Fifth Amendment privilege against self-incrimination. United States v. Beye, 445 F.2d 1037 (9th Cir. 1971).

After deliberating a short while, the jury asked to see the indictment. Appellant's counsel asked the judge to instruct the jury again that an indictment is not evidence of guilt. The judge in his opening remarks to the jury had said that the indictment was not evidence of guilt and in his formal instructions following closing argument he repeatedly referred to the indictment as merely alleging or charging the offenses. He correctly instructed the jurors on the presumption of innocence, the burden of proof, and reasonable doubt. In these circumstances failure to give the requested instruction is not reversible error. United States v. DeFrisco, 441 F.2d 137, 141 (5th Cir. 1971); Garner v. United States, 244 F.2d 575 (6th Cir. 1957).

Count II of the indictment charged McKinney with knowingly smuggling marijuana that had not been declared as required by 19 U.S.C. §§ 1459, 1461. McKinney's counsel asked the court to provide the jury with copies of these statutes, to avoid the possibility that the jurors might think McKinney could be convicted merely for failing to declare the marijuana present in the vehicle. The jury was correctly instructed about the elements of proof for a violation of 21 U.S.C. § 176a, and we think it unlikely that these instructions did not remove any possible confusion about the evidence necessary to convict McKinney on Count II.

We find it unnecessary to rule on this point, however, since the judgment of conviction must be affirmed on the transportation count and since McKinney received concurrent sentences for the two violations. See, e.g., United States v. Jones, 446 F.2d 12 (9th Cir. 1971).

Affirmed.