**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Einer KETOLA, Defendant-Appellant.**

**No. 71–2285.**

United States Court of Appeals, Ninth Circuit.

Jan. 25, 1972.

Rehearing and Rehearing En Banc Denied March 28, 1972.

David W. Williams, District Judge, dissented in part and filed an opinion.

84

John J. Cleary (argued) and Robert Boles, San Diego, Cal., for defendant-appellant.

Catherine A. Chandler, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before JERTBERG and WRIGHT, Circuit Judges, and WILLIAMS,* District Judge.

PER CURIAM:

The grand jury for the Southern District of California returned a five-count indictment, charging the appellant, Einer Ketola, and co-defendants Eldon Stanley Morisch and Dale Herbert Knutson, in Count One with violation of Title 18 U.S.C. Sec. 371, and Title 8 U.S.C. Sec. 1324, conspiracy to unlawfully transport aliens. Counts Two through Five charged the same persons with the unlawful transportation of aliens in violation of Title 8 U.S.C. Sec. 1324(a) (2).

Prior to appellant's trial, co-defendants Morisch and Knutson pleaded guilty to lesser offenses and this case was dismissed as to them. Both testified as witnesses for the Government at appellant's trial.

Following trial to a jury appellant was convicted of the offenses set forth in all five counts.

Following denial of appellant's motions for judgment of acquittal and for a new trial, appellant was committed to the custody of the Attorney General for a period of three years on each count, subject to the provisions of 18 U.S.C. Sec. 4208(a) (2), and all sentences were directed to run concurrently.

On this appeal, appellant contends:

(a) that the evidence was insufficient to support appellant's conviction on Count One (conspiracy), and on Counts Two, Three, Four and Five (unlawful transportation of aliens within the United States);

(b) that the Government was improperly permitted to impeach one of its own witnesses;

(c) that evidence of a prior similar act prejudiced appellant and constituted plain error; and

(d) that the district court erred in denying appellant a complete transcript of the trial proceedings for appellate review.

We first consider the sufficiency of the evidence to sustain appellant's conviction for conspiring to unlawfully transport Mexican aliens in the United States.

Viewed in the light most favorable to sustain the conviction, the essential facts revealed by the record disclose that on or about June 6, 1970, appellant and co-defendants, Morisch and Knutson, met at the Ranger Bar in Pacoima, California, located in the vicinity of Los Angeles. Appellant agreed to pay to co-defendants ·compensation if they would

---

* Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

transport Mexican aliens from an area in the United States, near the Mexican border, to appellant at Pacoima, California. Appellant described the area where the aliens would be located, and told the co-defendants to stop their car there, shout the name "Felipe," and open the trunk of the car.

Following the conversation, co-defendants proceeded by automobile to the specified location, stopped their car, opened the trunk, shouted "Felipe," and four Mexican males got into the trunk of the car. On the return trip to Pacoima, co-defendants were stopped at an immigration checkpoint at Oceanside, California, and the four Mexican males were discovered in the trunk of the car.

Appellant's main contention is that the evidence is insufficient to establish that the four Mexican males were aliens, and insufficient to establish such knowledge on the part of the appellant.

■■ Appellant's contention is without merit. The gist of the crime of conspiracy is the agreement to violate a law of the United States, and is a separate and distinct crime from the commission of the substantive crime which is the objective of the conspiracy. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954). Thus, it was not necessary to establish that the Mexican males discovered in the trunk of the car were in fact aliens illegally in this country, nor that they were unlawfully transported.

■ In our view the evidence was completely adequate to establish beyond a reasonable doubt that the appellant conspired to unlawfully transport aliens within the United States.

Since the sentences imposed upon appellant under Counts Two, Three, Four and Five, were concurrent to the sentence imposed on Count One, it is unnecessary for us to consider a similar point raised by appellant under the remaining counts. Duran v. United States, 413 F.2d 596 (9th Cir. 1969), cert. denied 396 U.S. 917, 90 S.Ct. 239, 24 L.Ed.2d 195 (1969); United States v. Jones, 446 F.2d 12 (9th Cir. 1971); United States v. McKinney, 453 F.2d 1221 (9th Cir. 1972).

An examination of the record discloses that the other points raised by appellant on this appeal are without substance and need not be discussed.

The judgment of conviction is affirmed.

DAVID W. WILLIAMS, District Judge (dissenting in part).

I concur in the opinion affirming the conviction of appellant on the conspiracy count for the reasons stated therein, However, I would reverse counts 2 through 5 charging appellant with the substantive counts of transportation of aliens [8 U.S.C. § 1324(a) (2)] for the reason that I am not satisfied that the Government sustained its burden of proving that the men in the trunk were aliens. Proof of alienage in a transportation count is an element of the offense. United States v. Mack, 112 F.2d 290, 291 (2nd Cir., 1940). For some reason the Government did not follow its usual practice of detaining one or more of the suspected aliens to testify at the trial of the accused. Instead, it deported all of them prior to the trial and relied upon the testimony of the border patrol officers who made the arrest. They merely described the occupants of the trunk as looking like Mexicans and possessing no papers entitling them to be in the United States.

It is true that a fact may be proven by circumstantial evidence (United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969)) and I am mindful of the adverse inferences to be drawn from the concealment of the Mexicans in the trunk; but these matters should not be allowed to relieve the Government of furnishing the best proof available of a vital element of the offense. The production of at least one of the occupants of the trunk, and direct testimony from such person of his ancestry would have removed all doubt of the validity of proof of alienage.