**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Einer KETOLA, Defendant-Appellant.**

**No. 71–2285.**

United States Court of Appeals,
Ninth Circuit.

March 28, 1973.

As Amended on Denial of Rehearing
May 3, 1973.

John J. Cleary (argued), Robert A. Weninger, Federal Defender, Warren R. Williamson, San Diego, Cal., for defendant-appellant.

Catherine A. Chandler, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Donald F. Shanahan, Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and WILLIAMS,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

This appeal is again before us following a remand from the Supreme Court. We affirmed the conviction of appellant on January 25, 1972, 455 F.2d 83 (9th Cir. 1972). A writ of certiorari was sought and granted on the Solicitor General's concession that Ketola should have a copy of portions of the transcript not previously made available to him. Ketola v. United States, 409 U.S. 815, 93 S.Ct. 139, 34 L.Ed.2d 72 (1972). The transcript has been filed pursuant to the mandate of the Supreme Court and the parties have submitted supplemental briefs which have been considered, the court having dispensed with further oral argument.

Of the three issues presented by appellant, two were disposed of in our prior opinion. The supplemental transcript made available to appellant was in no way relevant to those issues, and, although counsel for appellant has ably reargued them, we have concluded that our prior disposition of them was correct. The evidence was sufficient to support the conspiracy conviction, and we employ the concurrent sentence doctrine and decline to rule on counts two through five.

The government's case against appellant was based in the main on the testimony of two codefendants, although the government also introduced evidence of appellant's involvement six months earlier in the same type of activity, using a similar *modus operandi*, as the crime here charged. Appellant did not take the stand and offered no evidence to contradict that of the government.

We have said that a conviction in a federal court may be based on the uncorroborated testimony of an accomplice, if the testimony is not "incredible or unsubstantial on its face." Darden v.

---

* Of the Central District of California.

United States, 405 F.2d 1054, 1056 (9th Cir. 1969).

We have also said in DeCarlo v. United States, 422 F.2d 237, 241 (9th Cir. 1970) that:

"Nor was the court required, in the absence of a special request, to instruct the jury as to how to view such [accomplice] testimony. . . .

"There was considerable evidence reflecting upon the motives and credibility of the [accomplices], and counsel attacked their credibility in argument. We find no plain error."

Appellant relies on language from United States v. Marsh, 451 F.2d 219, 221 (9th Cir. 1971):

"A cautionary instruction must be given if requested. United States v. Davis, 439 F.2d 1105, 1106–1107 (9th Cir. 1971). And failure to give such an instruction may be plain error if the need for the instruction is sufficiently clear (United States v. Griffin, 382 F.2d 823, 829 (6th Cir. 1967), but this is not such a case."

We have examined the record and the supplemental transcript in an effort to determine if the need for such an instruction was clear. It was not. At the start of the trial, the trial judge gave some general instructions and discussed with the jury the matter of determining credibility. He appealed to the common sense of the jurors, mentioned possible bias and prejudice of witnesses and said that the jurors could disregard the entire testimony of a witness found not to be telling the truth.

In his closing argument to the jury, defense counsel focused on the testimony of the accomplices. He asked the jurors whether they could rely on what either accomplice had to say. He asked them to scrutinize the testimony of one accomplice, Morisch, in particular. Morisch had testified that he had had 20 or 25 beers during the three or four hours preceding the agreement with appellant. Counsel urged that there was a general unreliability about the kind of testimony coming from such a person. Counsel further urged that because appellant had previously been convicted of a similar offense, it was logical that Morisch would try to implicate him, to try to minimize his own involvement and to shift the responsibility for the crime to another person.

The court's instructions to the jury included the following language:

"As you judge the credibility of witnesses and what weight is to be given to their testimony, you must consider such things as the manner in which they testify, the character of their testimony, evidence to the contrary of what they say. You should consider a witness' intelligence, his motive, state of mind, his demeanor—all of these things and anything else which comes to your mind as a reasonable way of ascertaining where the truth is."

We conclude that the jury was properly and adequately instructed. No cautionary instruction was requested by defense counsel and no exception taken to the instructions as given. It was not plain error for the trial judge to fail to give, *sua sponte*, the admonition now suggested.

Affirmed.

DAVID W. WILLIAMS, District Judge, dissents in part for the reasons stated in his dissent to the panel's earlier opinion, United States v. Ketola, 455 F.2d 83, 85 (9th Cir. 1972).