UNITED STATES of America,
Plaintiff-Appellee

v.

Randolph L. FULTON,
Defendant-Appellant.

No. 80–1364.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1980.

Decided March 30, 1981.

Kenneth E. Kanev, Seattle, Wash., for defendant-appellant.

Sally R. Gustafson, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CHOY and SCHROEDER, Circuit Judges, and KEEP *, District Judge.

KEEP, District Judge:

Randolph Fulton was convicted by a jury of seventeen counts of aiding and abetting embezzlement by receiving and endorsing unauthorized checks in violation of Title 18, United States Code, Section 656 and Section 2. Defendant appeals on two grounds: (1) § 656 does not apply to embezzlement of funds from a mortgage company which is a wholly-owned subsidiary of an insured bank and (2) the district judge erred in not giving defendant's proposed accomplice testimony instruction. We affirm the judgment of conviction.

I.   Facts

Defendant Fulton was charged with aiding and abetting a mortgage company employee in embezzling funds from the mortgage company in violation of 18 U.S.C. § 656. Specifically, Fulton was charged with knowingly receiving and endorsing a number of unauthorized checks from Mrs. Jesse Jones Edwards, an employee of Peoples Mortgage Company.

---

* Honorable Judith N. Keep, United States District Judge, Southern District of California, sitting by designation.

At trial, Mrs. Edwards testified that, at her husband's request and without authorization, she issued checks drawn on various escrow accounts of her employer Peoples Mortgage Company. Mrs. Edwards also admitted that she had discussed splitting the proceeds of the checks with defendant and her husband. Another accomplice, Valerie Bassie, testified that she had seen unauthorized checks made out to defendant and was told by him that the scheme was "foolproof". Seventeen such checks, made payable to defendant and endorsed in his name, were introduced into evidence. Expert testimony established that the endorsements, as well as fingerprints found on some of the subject checks, were those of defendant.

While Fulton neither testified in his own behalf nor contested the expert testimony, defense counsel vigorously cross-examined both Mrs. Edwards and Valerie Bassie, and challenged the credibility of both accomplices in summation. The district judge instructed the jury on the weight to be accorded accomplice testimony and warned that such evidence should be received with "great caution and care".

According to the evidence, Peoples Mortgage Company, Mrs. Edwards' employer, is a wholly-owned subsidiary of Peoples National Bank[1] and the mortgage company handles real estate functions for the bank. Peoples Mortgage Company acts as servicing agent for mortgages obtained through the bank and maintains an estimated eighty escrow accounts for mortgagors' funds, receiving monthly payments and disbursing the funds as needed for taxes, insurance, etc. Checks of under $1,000.00, drawn on escrow accounts maintained for the bank by the mortgage company, can be issued by certain employees without direct supervision through the use of a check signing machine. Each of the checks made out to defendant by Mrs. Edwards came from one of these escrow accounts, and each was for less than $1,000.00.

## II. Embezzlement from a Bank's Wholly-Owned Subsidiary

On appeal, defendant argues that § 656 does not proscribe embezzlement from a wholly-owned subsidiary of an insured bank. Even assuming he aided and abetted Mrs. Edwards, the embezzling employee, since she worked for a wholly-owned subsidiary of an insured bank, and not for the bank itself, and since the statute does not specifically include a subsidiary corporation in the definition of "insured bank", defendant contends that no federal offense has been committed.

Title 18, United States Code, Section 656 creates federal criminal liability for any employee or other person "connected in any capacity with" an insured bank who embezzles or wilfully misapplies bank funds.[2] While the definition of "insured bank" does not specify a subsidiary corporation, the statute is directed at persons "connected in any capacity" with an insured bank and not solely to employees of insured banks. Accordingly, the fact that Mrs. Edwards worked for a subsidiary mortgage corporation, instead of the bank itself, will not defeat the application of § 656 as long as Mrs. Edwards is "connected in any capacity" with the bank.

Defendant argues, however, that there is insufficient evidence of Mrs. Edwards' connection with the insured bank which owned the mortgage company to establish the underlying § 656 offense. We disagree.

1. The defense stipulated that the Peoples National Bank was an "insured bank" as described in 18 U.S.C. § 656, and does not now challenge the sufficiency of the proof of the bank's FDIC status.

2. 18 U.S.C. § 656 provides in pertinent part: "Whoever, being an ... employee of, or connected in any capacity with any ... insured bank, ... embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,000.00 or imprisoned not more than five years or both...

As used in this section, ... 'insured bank' includes any bank, banking association, trust company, savings bank, or other banking institution, the deposits of which are insured by the Federal Deposit Insurance Corporation."

In *United States v. Dreitzler*, 577 F.2d 539 (9th Cir. 1978), we discussed the sufficiency of evidence connecting the alleged embezzler and the insured bank. In that case, defendant a bank officer, was convicted of embezzling bank funds; we found sufficient evidence to support his conviction, concluding that a violation of § 656 is shown where " . . . bank funds were misapplied by virtue of the fact the defendant was connected in some capacity with a bank which enables him to gain access to bank funds." *Id.* at 547.

In cases where the defendant is not directly employed by the insured bank, courts have focused on the relationship between the employing entity and the bank's business in deciding whether there is a sufficient "connection" for purposes of the statute. For example in *United States v. Edick*, 432 F.2d 350 (4th Cir. 1970), a case we relied upon in *Dreitzler, supra*, the court affirmed a conviction under § 656 of a defendant who worked for a subsidiary corporation of a holding company, where that holding company owned a controlling interest in a federally insured bank, and defendant's position as manager of the subsidiary enabled him to divert bank funds.

In *Edick*, the court found a sufficient "connection" between the employee and the bank based on the fact that the subsidiary corporation employing defendant performed bookkeeping and proofing services traditionally handled by the bank itself. "Substantively, his [Edick's] relation to . . . [the bank's] operations and its records was precisely the same as it would have been if . . . [the bank] had continued to do its own proofing and bookkeeping and Edick had been the manager of its proofing department. . . . It was because of his intimate relation to the bank's business and its records, in a position of trust, that he was able to divert its funds . . . ". *Id.* at 352.

In the instant case, Peoples Mortgage Company, a wholly-owned subsidiary of Peoples National Bank, handled all the real estate functions traditionally performed by a bank's escrow department: the mortgage company acted as a servicing agent for some eighty escrow accounts opened through the bank, receiving payments and disbursing funds as necessary. While Mrs. Edwards was not a "manager" as was the defendant in *Edick*, she handled the escrow accounts, had access to company checks, and was able to issue checks for less than $1,000.00 without obtaining supervisory authorizations. Although Mrs. Edwards was not given unlimited discretion in dealing with the escrow accounts, she was employed in a position of trust which "enabled (her) to gain access to bank funds" managed by the mortgage company.

■ We affirm Fulton's conviction based on two factors: 1) The connection between Peoples Mortgage Company and the insured bank, whereby the subsidiary performed functions traditionally handled by the bank itself; and 2) the close connection between Mrs. Edwards and the bank's business which stemmed from her position of trust with the subsidiary in handling the bank's escrow accounts.

### III.  Adequacy of the Instruction

■ The district court admonished the jury that accomplice testimony should be received with "great caution and care".[3] Defendant argues that the court erred by not giving his proposed instruction which warned that such testimony should " . . . be received with caution and weighed with greater care than the testimony of an ordinary witness".

The trial court is afforded a certain amount of discretion in instructing the jury

---

**3.** The district judge admonished the jury concerning accomplice testimony as per Devitt and Blackmar, *Federal Jury Practice and Instructions*, 3d Ed. (1977) § 17.06, pp. 531–532, with the following addition:

"You should scrutinize that testimony carefully to determine whether it has in your opinion been affected by the accomplice's interest in the matter, or by any other factor which may have caused the accomplice to testify falsely or inaccurately against the defendant in order to further her own interests. Accomplice testimony should be received with great caution and care."

on accomplice testimony. *See, e. g., United States v. Ketola*, 478 F.2d 64 (9th Cir. 1973); *United States v. Marsh*, 451 F.2d 219 (9th Cir. 1971). Rejection by the trial court of more strongly worded instructions has been upheld in other circuits. *See, e. g., United States v. Falange*, 426 F.2d 930, 933 (2d Cir. 1970), *cert. den.* 400 U.S. 906, 91 S.Ct. 149, 27 L.Ed.2d 144 (words "close and searching" scrutiny not required); *United States v. De Larosa*, 450 F.2d 1057, 1061 (3d Cir. 1971), *cert. den.* 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800 and 405 U.S. 957, 92 S.Ct. 1188, 31 L.Ed.2d 235 (1972) (warning that testimony came from a "corrupt and polluted source" not required).

Accordingly, we find that the instruction given by the trial court was adequate and that no error was committed.

Affirmed.