**UNITED STATES of America, Plaintiff,**

v.

**Roy J. BUTLER, Defendant.**

**No. Cr. 84–117–PA.**

United States District Court,
D. Oregon.

Dec. 28, 1984.

Charles H. Turner, U.S. Atty., Lance A. Caldwell, Asst. U.S. Atty., Portland, Or., for plaintiff.

David Lowell Slader, Portland, Or., for defendant.

OPINION

PANNER, Chief Judge.

Defendant is charged with two counts of misapplying funds of a federally insured savings and loan association in violation of 18 U.S.C. § 657.[1] He moves for judgment of acquittal, pursuant to Fed.R.Crim.P. 29, on the ground that the government has failed to prove the elements necessary to constitute a violation of section 657. I grant the motion, and find the defendant not guilty on both counts.

## FACTS

This case is before me on stipulated facts. The charges arise out of defendant's activities while he was vice-president of Ward Cook, Inc. (Ward Cook). Ward Cook is an Oregon Corporation engaged in mortgage banking and escrow services and is the wholly-owned subsidiary of Oregon Pioneer Savings and Loan Association (Oregon Pioneer). Oregon Pioneer's deposits are insured by the Federal Savings and Loan Insurance Corporation.

All of Ward Cook's stock is owned by Oregon Pioneer. According to an affidavit of Charles J. Strader, attorney for Oregon Pioneer and Ward Cook, there is no direct involvement by Oregon Pioneer in the credit lines of Ward Cook. Oregon Pioneer has written "take-out" loans for some Ward Cook financed construction projects. Take-out loans are mortgage loans providing permanent financing on homes constructed with the aid of Ward Cook construction loans. Take-out loans are provided by Oregon Pioneer and other financial institutions.

The operations and personnel of Oregon Pioneer and Ward Cook are separate, with the exception of the mortgage servicing department. The mortgage servicing department conducts a joint clerical function for both companies which consists of the

---

1. 18 U.S.C. § 657 provides in part:

Whoever, being an officer, agent or employee of or connected in any capacity with ... any ... savings and loan corporation or association ... the accounts of which are insured by the Federal Savings and Loan Insurance Cor-poration ... willfully misapplies ... funds ... belonging to such institution, or pledged or otherwise entrusted to its care, shall be fined not more than $5,000 or imprisoned not more than five years, or both ....

receipt of mortgage payments and allocation of those payments to individual accounts. Employees from both companies work in this department.

The defendant was an officer of Oregon Pioneer from November, 1962 to September, 1964, immediately prior to taking over his responsibilities at Ward Cook. Once he began working at Ward Cook, defendant did not have any direct role in the operations of Oregon Pioneer.

Count I of the information filed in this case charges the defendant with misapplication of funds of Oregon Pioneer in connection with loans made to Herb Morrisette Builders, Inc. On October 1, 1979, defendant approved Ward Cook construction loans C–34 and C–35 for $200,000 each to Herb Morrissette Builders, Inc. The loans were for the purpose of making improvements on several residential lots. Although defendant was aware that no construction was ever completed by the borrower, he approved all draws and disbursements. Defendant also received a portion of the loan proceeds himself.

Count II of the information charges defendant with misapplication of funds of Oregon Pioneer in connection with a loan made to Rod Sauer. On August 7, 1979, defendant approved Ward Cook construction loan C–26 to Sauer, for the purpose of purchasing and making improvements on several residential building lots. On September 14, 1979, defendant approved a draw of $30,000 on the loan. This money was loaned by Sauer to the defendant, but was never repaid.

## DISCUSSION

In order to show a violation of 18 U.S.C. § 657, the government must prove (1) that the defendant be an "employee of or connected in any capacity with," and (2) that the misappropriated funds be funds "belonging to," a federally insured savings and loan association. The stipulated facts submitted by the parties contains a state-ment which could be interpreted as eliminating from consideration the issue of whether the defendant was "connected in any capacity with" Oregon Pioneer. However, both parties have addressed this issue in their briefs, and it is properly before me at this time.

Defendant's primary argument for judgment of acquittal is that he was an officer of Ward Cook, and that the funds he misapplied belonged to Ward Cook, not Oregon Pioneer. Therefore, defendant asserts that there can be no violation of section 657 because he was not "connected in any capacity with" and did not misapply funds "belonging to" a federally insured savings and loan institution. In support of this argument, defendant relies on *United States v. Fulton*, 640 F.2d 1104 (9th Cir. 1981).

The defendant in *Fulton* was convicted of aiding and abetting an embezzlement in violation of 18 U.S.C. § 656[2] and § 2. The defendant had received and endorsed checks embezzled by an employee of a bank's wholly-owned subsidiary, a mortgage company. On appeal, defendant argued that there could be no violation of section 656 because the employee worked for a subsidiary of the bank rather than for the bank itself. The court noted that when a defendant is not directly employed by the insured bank, courts have focused on the relationship between the subsidiary and the bank's business in determining whether the defendant is "connected in any capacity with" the insured bank for purposes of the statute. *United States v. Fulton*, 640 F.2d at 1106. Using this analysis, the court examined the relationship between the mortgage company and the parent bank. The court noted that the mortgage company handled all real estate functions traditionally handled by the bank's escrow department, such as receiving payments and disbursing funds when necessary. *Id.* Furthermore, the mortgage company employee handled the escrow accounts and

**2.** Section 656 applies to the misapplication of funds from federally insured banks. Its lan-guage is nearly identical to that of section 657.

was placed in a position of trust which enabled her to gain access to bank funds.

The court affirmed the defendant's conviction on two grounds: (1) the close connection between the subsidiary and the insured bank, such that the subsidiary performed functions traditionally handled by the bank itself, and (2) the close connection between the mortgage company employee and the bank's business arising out of her responsibility for handling the bank's escrow accounts. *Id.*

 In order to determine whether defendant is "connected in any capacity with" Oregon Pioneer, my analysis begins with an examination of the factors identified in *Fulton:* (1) the relationship between the subsidiary and the parent institution, and (2) the connection between the employee of the subsidiary and the business of the parent institution.

In *Fulton*, the relationship between the subsidiary and the parent institution was quite close. The mortgage company was acting as a service agent for some eighty escrow accounts which were opened through the bank. The mortgage company handled all real estate functions traditionally performed by the bank's escrow department. In the present case, Ward Cook and Oregon Pioneer are separate entities as far as operations are concerned. The only connection between the two companies is a *shared* clerical function in the mortgage servicing department. There is no evidence in the record to indicate that Ward Cook performs some function for Oregon Pioneer which was "traditionally handled by" the savings and loan itself.

*Fulton* also requires examination of the connection between the employee of the subsidiary and the business of the parent institution. The mortgage company employee in *Fulton* was in charge of the parent bank's escrow accounts. Her position gave her access to bank funds. The defendant in the present case was a vice-president at Ward Cook. He had no direct role in the operations of Oregon Pioneer, nor did he have access to the savings and loan's funds.

Based on the analysis employed in *Fulton,* I find that defendant was not "connected in any capacity with" Oregon Pioneer, and therefore his misapplication of funds was not in violation of section 657.

The government relies heavily on the reasoning of the Fifth Circuit in *United States v. Cartwright,* 632 F.2d 1290 (5th Cir.1980). That case is inapplicable to the present situation. The court in *Cartwright* did not address the issue of whether the defendant was "connected in any capacity with" the insured institution. There was no need for the court to do so, since the defendant's status as president and chief shareholder of a savings and loan clearly brought him within the language of the statute in that regard.

## CONCLUSION

Based on my review of the record in this case, I find that the government has failed to show that defendant is "connected in any capacity with" Oregon Pioneer. I grant defendant's motion for judgment of acquittal, and find defendant not guilty on both counts of misapplication of funds of a federally insured savings and loan institution in violation of 18 U.S.C. § 657.

This opinion constitutes findings of fact and conclusions of law pursuant to Fed.R. Crim.P. 23(c).