**UNITED STATES of America, Plaintiff,**

**v.**

**Gerald Stephen RAWLINS and Peter Reed Rawlins, Defendants.**

Crim. No. 91–92–FR.

United States District Court, D. Oregon.

July 3, 1991.

Charles H. Turner, U.S. Atty., Lance A. Caldwell, Asst. U.S. Atty., Portland, Or., for plaintiff U.S.

Marc D. Blackman, Ransom, Blackman & Weil, Portland, Or., for defendant Gerald Stephen Rawlins.

Steven T. Wax, Federal Defender, Scott Erik Asphaug, Asst. Federal Defender, Portland, Or., for defendant Peter Reed Rawlins.

## OPINION

FRYE, District Judge:

The matters before the court are the motions of defendants, Gerald Stephen Rawlins and Peter Reed Rawlins:

1) for further discovery in support of their motions to dismiss the indictment on the grounds of selective prosecution or vindictive prosecution;

2) to dismiss Counts 1 and 2 of the indictment for failure to state an offense on the grounds that an asset held by a subsidiary of a savings and loan association as a passive investment is not, as a matter of law, "something of value belonging to" or "pledged and entrusted to the care of" a savings and loan association under 18 U.S.C. § 657;

3) to dismiss Counts 1, 2 and 4 of the indictment for failure to state an offense on the grounds that the indictment fails to allege facts sufficient to establish that at the times alleged the defendants were "connected in any capacity with" Citizens Savings and Loan Association as required by 18 U.S.C. §§ 657 and 1006;

4) to dismiss Count 1 and the related parts of Count 2 of the indictment on the grounds that the allegation of the sale of an asset without more is insufficient, as a matter of law, to constitute a "misapplication of a thing of value" under 18 U.S.C. § 657;

5) to dismiss Counts 1, 3 and 5 of the indictment for failure to state an offense on the grounds that, at all times material to the indictment, 18 U.S.C. § 1344 did not make it a crime to "defraud" a federally chartered financial institution of its "intangible right" to the "honest services" of its officers, directors or agents;

6) to dismiss Counts 1, 3 and 5 of the indictment on the grounds that they violate the prohibition against *ex post facto* laws set forth in Article I, § 9 of the United States Constitution;

7) to dismiss Counts 1, 3 and 5 of the indictment for failure to state an offense on the grounds that they do not allege facts sufficient to state either a conspiracy or a substantive violation of 18 U.S.C. § 1344 because the Federal Home Loan Bank Board is not a party protected under that statute; and

8) to dismiss Count 1 of the indictment on the grounds that the elements of other substantive offenses are not properly alleged therein.

## BACKGROUND

The indictment alleges, in relevant part:

Gerald Rawlins was a stockholder and a director of Citizens Savings and Loan Association (Citizens Savings) and the director of its wholly owned subsidiaries, Citizens Realty Investment Group (CRIG) and Ash Creek Development Corporation (Ash Creek). At various times, Gerald Rawlins served as vice chairman of the board of Citizens Savings, as well as the president and chairman of the board of CRIG and the president of Ash Creek.

Apart from his involvement with Citizens Savings, Gerald Rawlins influenced the management of two limited partnerships, Tri-Vest Real Estate Oregon, Ltd. (TVRE) and Tri-Vest 72 (TV72). Peter Rawlins is the son of Gerald Rawlins, and he served as assistant to the president of CRIG and influenced the management of TVRE and TV72.

Between 1982 and 1985, Gerald Rawlins was instrumental in causing Citizens Savings to invest approximately $721,500 to purchase majority control and approximately 80% of the limited partnership units of TVRE. The units of TVRE were held by Citizens Savings as an asset of its wholly owned subsidiary, Ash Creek. During the same period, Citizens Savings advanced approximately $221,000 in unsecured loans to TVRE. TVRE never repaid these loans.

Gerald Rawlins periodically reported to Citizens Savings on the status of its investments in TVRE, including the status of certain bonds issued by Citizens Mortgage Investment Trust (CMIT), an entity unrelated to Citizens Savings, and purchased by TVRE. TVRE sold the bonds of CMIT on or about August 31, 1984 and deposited the proceeds of $235,000 in a money market account in the name of TVRE. During March of 1985, TVRE received approximately $94,000 in cash for participation in a property exchange with Citizens Savings and other parties, and this money was deposited in the same account. Gerald Rawlins used these funds to satisfy personal obligations.

In the indictment, the government charges Gerald Rawlins and Peter Rawlins with the crime of conspiracy and the following four substantive crimes: 1) misapplication of something of value in violation of 18 U.S.C. § 657; 2) two counts of devising a scheme to defraud Citizens Savings and the Federal Home Loan Bank Board (the Bank Board) and executing that scheme in violation of 18 U.S.C. § 1344; and 3) participating in a fraudulent stock transaction in violation of 18 U.S.C. § 1006.

1. *The motions of defendants for further discovery in support of their claims that the indictment should be dismissed on the grounds of selective or vindictive prosecution*

 The government has broad discretion in deciding whom to prosecute. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). In order to establish a claim for selective prosecution, a defendant must demonstrate that 1) others similarly situated to him have not been prosecuted; and 2) the decision of the government to prosecute him was based on

an impermissible standard, such as race, religion, political beliefs or the exercise of a right protected by the United States Constitution. *Id.*; *United States v. Aguilar*, 883 F.2d 662 (9th Cir.1989). In order to obtain discovery in support of a claim for selective or vindictive prosecution, a defendant must establish facts sufficient to take the question past the frivolous and raise a reasonable doubt as to the purpose of the prosecutor. *United States v. Gordon*, 817 F.2d 1538, 1540 (11th Cir.1987).

Defendants have submitted the following facts in support of their claims of selective prosecution:

At all relevant times, Gerald Rawlins was a member of the board of directors of Citizens Savings. In 1984, the Bank Board became hostile toward Gerald Rawlins because of his involvement with Citizens Savings. Before April 17, 1985, Gerald Rawlins tendered his resignation to the board of directors of Citizens Savings. On April 17, 1985, the Bank Board called the board of directors of Citizens Savings to Seattle, Washington to attend a meeting. During the meeting, Hilton Hewitt and others, acting on behalf of the Bank Board, demanded that Gerald Rawlins sign a consent decree guaranteeing that he would cease any involvement with Citizens Savings and avoid any involvement with a federally insured institution in the future. Gerald Rawlins refused to sign the consent decree, prompting representatives of the Bank Board to state that he was making a great mistake that he would regret. Shortly after the meeting of April 17, 1985, and because Gerald Rawlins refused to sign the consent decree, the Bank Board referred this matter for criminal investigation resulting in the prosecution of Gerald and Peter Rawlins.

■ These allegations do not constitute a colorable claim of selective prosecution that would warrant permitting further discovery. Defendants have not demonstrated that others similarly situated to them were not prosecuted. Defendants contend that Gerald Rawlins was the only member of the board of directors of Citizens Savings to be prosecuted. While this may be true, this fact alone, absent a showing that there have been allegations of wrongdoing or credible evidence in support of such allegations against other members of the board of directors is insufficient to show that defendants are not being treated the same as others similarly situated. Furthermore, defendants cannot realistically contend that officers of other failed savings and loan associations who are believed to have violated the law are not prosecuted. Finally, defendants have not alleged the impermissible standard upon which they claim their prosecution is based. Therefore, pursuant to *Wayte v. United States* and *United States v. Gordon*, the motions of defendants for further discovery with respect to this claim are denied.

2. *The motions of defendants to dismiss Counts 1 and 2 on the grounds that an asset owned by a subsidiary of a savings and loan association as a passive investment is not "something of value belonging to" or "pledged and entrusted to the care of" a savings and loan association*

■ In these motions, defendants appear to contend that the investment in shares in the limited partnerships held by Ash Creek, which was as a wholly owned subsidiary of Citizens Savings, does not constitute "something of value belonging to a savings and loan," and therefore is not actionable under 18 U.S.C. § 657.

While defendants have cited three cases, they have submitted no argument in support of their motions. The only case cited by defendants that is relevant to this motion is *United States v. Butler*, 600 F.Supp. 580 (D.Or.1984). In *Butler*, the defendant was the vice president of a corporation engaged in mortgage banking and escrow services. The corporation was a wholly owned subsidiary of Oregon Pioneer Savings and Loan Association (Oregon Pioneer). The defendant established that the operations and personnel of the subsidiary were separate from the operation and personnel of Oregon Pioneer, and that in his position as vice president of the subsidiary,

he did not have any direct role in the operations of Oregon Pioneer.

In *Butler*, the defendant was charged in a two-count indictment with misapplication of the funds of Oregon Pioneer based on two loans made by the subsidiary and approved by the defendant. The defendant contended that he was entitled to a judgment of acquittal because the funds expended in the transactions charged in the indictment were funds of the subsidiary, not funds of Oregon Pioneer, and thus were not the funds of a federally insured financial institution.

The court ruled in *Butler* in favor of the defendant, holding that to find a violation of section 657, the government must prove 1) that the defendant is an employee of, or connected in some capacity with, a federally insured savings and loan association; and 2) that the funds that the defendant is charged with misappropriating belong to the federally insured savings and loan association. 600 F.Supp. at 582.

Defendants here have made no showing that the operations of Citizens Savings were separate from the operations of Ash Creek; that Gerald Rawlins did not have a direct role in the operations of Citizens Savings; or that the funds that defendants are accused of misappropriating were not funds belonging to Citizens Savings as charged in the indictment. The motions of defendants to dismiss Counts 1 and 2 on this ground are denied.

3. *The motions of defendants to dismiss Counts 1, 2 and 4 on the grounds that the indictment does not establish that defendants were connected in any capacity with Citizens Savings*

■ When a defendant is not directly employed by the federally insured financial institution, courts focus on the relationship between the subsidiary which employs the defendant and the business of the federally insured financial institution to determine whether the defendant is "connected in any capacity" with the federally insured financial institution for the purposes of 18 U.S.C. § 656. *United States v. Fulton*, 640 F.2d 1104, 1105 (9th Cir.1981). Thus,

to determine if defendants here are sufficiently connected to Citizens Savings, the court must consider 1) the relationship between CRIG and Citizens Savings, and the relationship between Ash Creek and Citizens Savings; and 2) the connection between defendants and the business of Citizens Savings. *Butler*, 600 F.Supp. at 583. In performing this analysis, the court will adhere to the principle that the phrase "connected in any capacity" should be construed broadly to effectuate the intent of Congress to protect federally insured lenders from fraud. *United States v. Prater*, 805 F.2d 1441, 1446 (11th Cir.1986).

■ In the indictment, the government alleges that Gerald Rawlins was a stockholder and director of Citizens Savings and a director of its wholly owned subsidiaries, CRIG and Ash Creek; that at various times Gerald Rawlins served as vice chairman of the board of directors of Citizens Savings; that at various times Gerald Rawlins served as the president and chairman of the board of CRIG and as president of Ash Creek; and that Peter Rawlins served as an assistant to the president of CRIG. Indictment, Count 1, paras. 3 and 5. The court finds that the indictment charges that defendants are sufficiently connected with Citizens Savings under 18 U.S.C. § 656.

4. *The motions of defendants to dismiss Counts 1 and 2 on the grounds that the alleged sale of an asset without more does not constitute misapplication of a thing of value*

■ In Counts 1 and 2 of the indictment, the government charges defendants with violating 18 U.S.C. § 657, which makes criminal the misapplication of "moneys, funds, credits, securities or other *things of value*." (Emphasis added). In the indictment, the government alleges that defendants misapplied units of a limited partnership owned by Citizens Savings through its wholly owned subsidiary, Ash Creek. Defendants contend that these allegations do not state a violation of 18 U.S.C. § 657 because they do not include an allegation

that Ash Creek did not receive fair market value for the units purchased by TV72.

For the purposes of 18 U.S.C. § 657, a misapplication of funds occurs whenever a bank lends money where there is a misrepresentation of a material fact—such as the name of the true borrower or the purpose of the loan—that is made with the intent that bank officials, bank examiners, or the Federal Deposit Insurance Corporation will be deceived. *United States v. Unruh,* 855 F.2d 1363, 1371 (9th Cir.1987); *United States v. Wolf,* 820 F.2d 1499, 1503 (9th Cir.1987), *citing United States v. Kennedy,* 564 F.2d 1329, 1338–39 (9th Cir.), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978).

In the indictment, the government alleges that defendants misapplied units of a limited partnership owned by Citizens Savings, which constitutes "something of value" under section 657, and that the defendants made this misapplication "by causing the sale of the units to TV72, well knowing and concealing material facts from Citizens [Savings], including but not limited to the fact that the sale was part of RAWLINS' scheme to appropriate TVRE's cash resources to his own use." Indictment, Count 2, para. 2. The court finds that Count 2 sufficiently alleges the misapplication of something of value, thereby stating an offense under 18 U.S.C. § 657.

5. *The motions of defendants to dismiss Counts 1, 3 and 5 on the grounds that it is not a crime to defraud a federally chartered or insured institution of its intangible right to the honest services of its officers, directors or agents*

■ Defendants contend that Counts 1, 3 and 5 allege, in part, that defendants defrauded a federally insured financial interest of its intangible right to the honest services of its officers, directors or agents. Pursuant to the rule announced in *McNally v. United States,* 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), an allegation of the deprivation of the intangible right of honest services is not actionable under 18 U.S.C. § 1344 because it does not allege deprivation of a property right. Defendants contend that because Counts 1, 3 and 5 of indictment allege grounds that are actionable under 18 U.S.C. § 1344 as well as grounds that are not actionable, these counts must be dismissed.

Defendants base their argument on *United States v. Soriano,* 880 F.2d 192 (9th Cir.1989). In *Soriano,* the defendants were convicted of violating 18 U.S.C. § 1341 by devising a scheme with three objectives. Two of the three objectives alleged in the indictment were the loss of the public's right to faithful service and right to an honest government. The third objective was the deprivation of money and property belonging to the people of Guam. The Ninth Circuit found that the indictment was "permeated with pre-*McNally* 'right to honest services' theory," and held that because the jury may have reached a guilty verdict without finding any loss of money or property as required by 18 U.S.C. § 1341, the verdict could not stand. 880 F.2d at 197.

The government contends that in Count 3, defendants are charged with misappropriating $100,000, and in Count 5 are charged with misappropriating $250,000, and, therefore, the motion of defendants should be denied.

In Count 1, paragraph 14 of the indictment, the government charges that the defendants caused TVRE to enter into transactions in which Gerald Rawlins had a financial interest that was in conflict with the financial interest of Citizens Savings. This paragraph is realleged in Counts 3 and 5. Pursuant to the rule announced in *McNally,* this allegation is not actionable under 18 U.S.C. § 1344. In Count 3, paragraph 2, the government charges defendants with devising a scheme to defraud Citizens Savings and the Bank Board in order to obtain money and other property under the custody and control of Citizens Savings. This allegation is also not actionable under 18 U.S.C. § 1344. In Count 3, paragraph 4, the government charges that the defendants knowingly executed the scheme described in paragraph 3, thereby causing the $100,000 to be used for the personal gain of Gerald Rawlins. This is

the only allegation in Count 3 that is actionable under 18 U.S.C. § 1344.

In Count 5, paragraph 1, the government charges defendants with devising the scheme described in paragraph 2 of Count 3. This charge is not actionable under 18 U.S.C. § 1344. In Count 5, paragraph 2, the government charges defendants with executing this scheme to defraud Citizens Savings of approximately $250,000 in cash, said cash to be used for the personal gain of Gerald Rawlins. This charge is actionable under 18 U.S.C. § 1344.

In an indictment, the government must allege all but only essential matters to ensure that a defendant is properly indicted. *United States v. Keith,* 605 F.2d 462 (9th Cir.1979). In Counts 1, 3 and 5 of the indictment, the government alleges conduct by defendants that is not actionable under the statutes that they are charged with violating. Pursuant to the rule in *Soriano,* because the grounds that are invalid may be the grounds upon which the grand jury indicted defendants, Counts 1, 3 and 5 of the indictment are dismissed.

In light of this ruling, the court does not reach the other motions submitted by the defendants.

## CONCLUSION

The motions of defendants for further discovery in support of their motions to dismiss the indictment on the grounds of selective prosecution or vindictive prosecution are denied.

The motions of defendants to dismiss Count 1 and the related parts of Count 2 of the indictment on the grounds that the allegation of the sale of an asset without more is insufficient, as a matter of law, to constitute a "misapplication of a thing of value" under 18 U.S.C. § 657 are denied.

The motions of defendants to dismiss Counts 1 and 2 of the indictment for failure to state an offense on the grounds that an asset held by a subsidiary of a savings and loan association as a passive investment is not, as a matter of law, "something of value belonging to" or "pledged and entrusted to the care of" a savings and loan association under 18 U.S.C. § 657 are denied.

The motions of defendants to dismiss Counts 1, 2 and 4 of the indictment for failure to state an offense on the grounds that the indictment fails to allege facts sufficient to establish that at the times alleged the defendants were "connected in any capacity with" Citizens Savings as required by 18 U.S.C. §§ 657 and 1006 are denied.

The motions of defendants to dismiss Counts 1, 3 and 5 of the indictment for failure to state an offense on the grounds that at all times material to the indictment, 18 U.S.C. § 1344 did not make it a crime to "defraud" a federally chartered financial institution of its "intangible right" to the "honest services" of its officers, directors or agents are granted.

The motions of defendants to dismiss Counts 1, 3 and 5 of the indictment on the grounds that they violate the prohibition against *ex post facto* laws set forth in Article I, § 9 of the United States Constitution are deemed moot.

The motions of defendants to dismiss Counts 1, 3 and 5 of the indictment for failure to state an offense on the grounds that they do not allege facts sufficient to state either a conspiracy or a substantive violation of 18 U.S.C. § 1344 because the Bank Board is not a party protected under that statute are deemed moot.

The motions of defendants to dismiss Count 1 of the indictment on the grounds that the elements of other substantive offenses are not properly alleged therein are deemed moot.