**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Palomo CRUZ, Jr., Defendant—Appellant.**

No. 05–10578.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2007.

Filed July 16, 2007.

Patrick J. Walsh, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: HUG, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Jose Palomo Cruz, Jr. appeals his conviction, after a jury trial, on one count of conspiracy to distribute methamphetamine and one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii), (b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I

The district court did not plainly err in instructing the jury in the respects claimed. The instructions that were given guided the jury's consideration of Czirak's credibility, Czirak was thoroughly impeached, and both parties argued that he was a liar and a felon. *See United States v. Ketola,* 478 F.2d 64, 66 (9th Cir.1973). While a limiting instruction should have been given about use of Czirak's guilty plea, *see United States v. Halbert,* 640 F.2d 1000, 1004 (9th Cir.1981), no objection was made to its admissibility or to failure to instruct on its use. Nor was an instruction requested. Both parties referred to Czirak's guilty plea in connection with his credibility; it was not unduly emphasized, and was not used by counsel for an improper purpose. In these circumstances, we cannot say that plain and reversible error affecting Cruz's substantial rights occurred. *See United States v. Smith,* 790 F.2d 789, 793–94 (9th Cir.1986); *cf. United States v. Garcia–Guizar,* 160 F.3d 511, 524 (9th Cir.1998).

Nor were the court's instructions deficient for failing to tether the conspiracy to a substantive offense. In standard form, they conveyed that the indictment (which was furnished to the jury) charged Cruz with, and the government had to prove beyond a reasonable doubt that he engaged in, a conspiracy to distribute methamphetamine, and a conspiracy to distribute marijuana.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

█ Finally, Cruz's submission that the instructions were faulty in that they told the jury that they must find that the conspiracy began on a date unknown and "end[ed] on or about February 3, 2004" when in fact it ended on August 30, 2003, when Czirak was arrested, in reality collapses into a challenge to the sufficiency of the evidence. To the extent that there was any instructional error (the indictment charged that the conspiracy continued *up to* February 3, 2004), it is harmless. When a conspiracy takes place is not a material element. *See United States v. Laykin,* 886 F.2d 1534, 1542–43 (9th Cir.1989). There was substantial evidence that Czirak bought drugs—primarily marijuana, but also methamphetamine—for resale from his "business partner" Cruz.

## II

█ Cruz failed to move for acquittal and we see no manifest injustice in the jury's verdict. A rational jury could have found Cruz guilty of entering into a conspiracy to distribute methamphetamine and a separate conspiracy to distribute marijuana. Construed in the light most favorable to the verdict, Czirak's testimony, and his tape-recorded conversation with Cruz, provide sufficient evidence of Cruz's involvement in a conspiracy to distribute methamphetamine that was entered into, and involved transactions, that occurred before, and would have continued after, August 30, 2003, except for Czirak's arrest.

AFFIRMED.