**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Yvonne TORRES–AMBRIZ,**
**Defendant–Appellant.**

**No. 06–50703.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 26, 2007 *.

Filed Oct. 4, 2007.

Hamilton E. Arendsen, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* This panel granted the joint motion of the parties to submit this case for decision without oral argument.

Stanley W. Hodge, Esq., Law Offices of Stanley W. Hodge, Victorville, CA, for Defendant–Appellant.

Before: WALLACE, T.G. NELSON, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Torres–Ambriz appeals from her convictions for bringing an illegal alien to the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and bringing an illegal alien to the United States without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

We review de novo a district court's jury instructions regarding the elements of a statutory crime. *United States v. Rivera–Relle,* 333 F.3d 914, 918 (9th Cir.2003). The district court properly instructed the jury that, in order to convict Torres–Ambriz, it needed to find beyond a reasonable doubt that Torres–Ambriz knew that the principal was receiving financial gain. The district court's instruction to the jury that "[t]he evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of bringing an alien to the United States for commercial advantage or private financial gain[ ]" was sufficient.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Torres–Ambriz did not object to the jury instruction dealing with Hernandez–Avalos's testimony and it was not plain error for the district court not to give an accomplice instruction *sua sponte*. We have held that the need for an accomplice instruction is not clear where "the trial judge gave some general instructions and discussed with the jury the matter of determining credibility" and "[i]n his closing argument to the jury, defense counsel . . . urged that there was a general unreliability coming from" the accomplices. *United States v. Ketola*, 478 F.2d 64, 66 (9th Cir. 1973). That happened in this case. The jury was sufficiently instructed to evaluate Hernandez–Avalos' credibility with caution and it was not plain error for the judge not to give a specific "accomplice" instruction in the absence of any request to do so.

Torres–Ambriz argues that the district court erred when it admitted Hernandez–Avalos' testimony of her telephone conversations with her cousin, Gaytan. While she does not dispute that there was a conspiracy or that she was part of it, she argues that the hearsay statements Hernandez–Avalos testified to were not made in furtherance of the conspiracy but instead merely informed Hernandez–Avalos of what had already been done.

When reviewing the district court's admission of hearsay pursuant to Federal Rule of Evidence 801(d)(2)(E), we "review a decision to admit co-conspirator statements for abuse of discretion, and the factual determination that statements were made in furtherance of a conspiracy for clear error." *United States v. Bowman*, 215 F.3d 951, 960 (9th Cir.2000). "[E]xpressions of future intent or statements that 'further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy' are admissible." *Id.* at 961 (citations omitted). "Statements made to prompt further action on the part of conspirators are admissible under 801(d)(2)(E). . . . Statements made to allay coconspirator's fear are admissible. Most importantly, statements made to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the 'in furtherance' requirement." *United States v. Yarbrough*, 852 F.2d 1522, 1535–36 (9th Cir.1988) (citations omitted). Admission of the statements here was not an abuse of discretion and the determination that they were made in furtherance of the conspiracy was not clear error.

**AFFIRMED.**