**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIZABETH ANN POWELL,

Petitioner - Appellant,

v.

SHERMAN HATCHER and GEORGE
CHANOS,

Respondents - Appellees.

No. 09-17576

D.C. No. 2:06-cv-00371-RCJ-LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Elizabeth Ann Powell ("Powell") petitions for review of the district court's

denial of her petition for a writ of habeas corpus. She was convicted of first degree

murder and kidnapping with a deadly weapon, and sentenced by the Nevada trial

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court to two consecutive terms of life without the possibility of parole and to two consecutive terms of life with the possibility of parole. The Nevada Supreme Court upheld the conviction and the sentence. Powell's claims on appeal are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254(d). Because none of Powell's five claims warrants habeas relief under AEDPA, we affirm.

First, Powell challenges the plea agreement accepted by her co-defendant Robert Burkman ("Burkman"). She argues that the agreement's requirement that Burkman testify consistently with his previous statements to police violated Powell's due process rights. This argument fails to demonstrate a conflict with, or unreasonable application of, clearly established federal law. The constitutionality of a plea agreement's consistency clause, in the absence of evidence, not present here, that previous statements to police were made under conditions that facilitate perjurious testimony, "is an open question in the Supreme Court's jurisprudence." *Cook v. Shriro*, 516 F.3d 802, 818 (9th Cir. 2008). Powell also objects to the facts that the plea agreement did not contain a written warning that it would be void if Burkman's leniency-induced testimony was false, and that the trial court did not give a specific cautionary instruction to the jury concerning accomplice testimony. These challenges are, however, matters of state law, *see* Nev. Rev. Stat. §

2

174.061(1)(b); Nev. Rev. Stat. § 175.282(2), that do not raise a federal question. *See United States v. Augenblick*, 393 U.S. 348, 352 (1969); *United States v. Ketola*, 478 F.2d 64, 66 (9th Cir. 1973).

Powell's second claim is that the trial court erred in refusing to instruct the jury on false imprisonment as a lesser included offense of first degree kidnapping. This argument likewise "fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." *James v. Reese*, 546 F.2d 325, 327 (9th Cir. 1976); *accord Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980) (expressly declining to rule on whether the Constitution requires giving instruction on lesser-included offenses in non-capital cases).

Powell contends, third, that the trial court abused its discretion by admitting graphic autopsy photographs of the victim's bullet wounds. The admission of these photographs was not arbitrary because the images provided evidence as to the shooter's handedness and because their admission was not so prejudicial as to have rendered the trial fundamentally unfair. This claim does not constitute reversible error under AEDPA. *See Villafuerte v. Stewart*, 111 F.3d 616, 627 (9th Cir. 1997).

Fourth, Powell argues that the prosecutor committed misconduct during closing argument by remarking that certain physical evidence placing her at the crime scene was "uncontradicted," and by addressing the evidence against her in

terms of what he told the jury "I believe happened."  Powell's first claim of prosecutorial misconduct cannot succeed because the prosecutor's comment was an isolated reference to Powell's silence that was not emphasized as a basis for conviction and because Powell does not present evidence that could have supported acquittal.  *See Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987). Powell's second claim of prosecutorial misconduct cannot succeed because she did not show that the improper comments expressing the prosecutor's personal opinions about her guilt materially affected the verdict or denied her a fair trial. *See United States v. Younger*, 398 F.3d 1179, 1191 (9th Cir. 2005).

Finally, the Nevada Supreme Court was not objectively unreasonable in rejecting Powell's various claims of ineffective assistance against trial and appellate counsel for failure to confront witnesses adequately, failure to communicate effectively with Powell, failure to appeal an erroneous jury instruction concerning a witness's criminal record, failure to present mitigating evidence at sentencing, and failure to object to instances of prior criminal conduct and other bad acts.  We do not address defense counsel's deficient performance because Powell does not demonstrate prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984)  ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome.").

**AFFIRMED**.